IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREGORY and JANICE COLLINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 2:12-cv-3721-LSC |
| BAC HOME LOANS and BANK OF AMERICA, N.A., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

### I.   Introduction

Before the Court is a Motion to Dismiss, filed by the defendant, Bank of America, N.A. ("BANA" or "Defendant"[1]). (Doc. 9.) The issues raised in Defendant's motion have been fully briefed by all parties, and are now ripe for decision. For the reasons described below, Defendant's Motion to Dismiss is due to be GRANTED in part and DENIED in part.

### II.   Background

---

[1] Bank of America, N.A. is the successor by merger to BAC Home Loans Servicing, LP. Although both entities are named as defendants, because Bank of America, N.A. and BAC Home Loans are now a single, consolidated entity, this Court will refer only to BANA as the defendant.

## A.    Procedural History

Gregory and Janice Collins ("Plaintiffs"), along with four other unrelated couples, originally filed an action against BANA on March 14, 2012. *See* Doc. 1 in *Prickett v. BAC Homeloans Servicing, LP*, 2:12-cv-826-LSC. On June 4, 2012, BANA moved to dismiss every claim by all ten plaintiffs under Federal Rule of Civil Procedure 12(b)(6). Before ruling on BANA's motion, the Court determined, after seeking input from the parties, that the ten plaintiffs were improperly joined under Federal Rule of Civil Procedure 20(a). Accordingly, the Court ordered the original action severed into five independent cases, mooted BANA's first motion to dismiss, and instructed Plaintiffs to file an amended complaint setting out only their individualized claims for relief in this newly created action. Pursuant to the Court's directive, Plaintiffs filed an amended complaint on January 13, 2013 (the "Complaint"). (Doc. 8.) In the Complaint, Plaintiffs allege that after they defaulted or encountered difficulties meeting obligations on their mortgage, BANA improperly serviced their loan and defectively processed their modification application. Based on these alleged improprieties, Plaintiffs assert eight separate causes of action: (1) declaratory and injunctive relief; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; (3) negligence; (4) wantonness;

(5) unjust enrichment; (6) wrongful foreclosure; (7) breach of implied covenant of good faith; and (8) slander of title. BANA renewed its Motion to Dismiss on February 12, 2013, asking the Court to dismiss all eight claims for relief set out in the Complaint. (Doc. 9.)

### B.   Facts[2]

In March 2010, Plaintiffs experienced a financial hardship and were unable to make their mortgage payment on their home of 20 years. (Doc. 8 ¶ 17.) As a result, Plaintiffs contacted their loan servicer, BANA, to request a loan modification, but were told they would not qualify for loss mitigation options until they were at least three months in arrears. (*Id*. ¶ 18–19.) Three months later, Plaintiffs contacted BANA again, and this time they were instructed to provide certain documentation, such as a hardship affidavit and bank statements, to support their requested modification. (*Id*. ¶ 20.)

Plaintiffs allege they submitted payments to BANA between March and July 2010, but that BANA refused to accept the payments. (*Id*. ¶ 21.) Plaintiffs claim BANA began accepting their payments in August 2010, and that they have continued

---

[2] For purposes of this opinion, the facts are accepted as alleged in Plaintiffs' Complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Recitation of the facts alleged by Plaintiffs is not to be construed as a verification that the allegations are true.

to accepted monthly payments through the filing of this suit. (*Id.* ¶ 22.) Plaintiffs, however, claim that BANA has not applied any of the accepted payments to the outstanding principal balance or interest due on their mortgage, but rather ise holding the installments in an interest bearing account while continuously assessing late fees and other penalties to Plaintiffs' account. (*Id.* ¶ 30.)

In February 2011, despite their modification attempts and payments, Plaintiffs received a Notice of Intent to Accelerate from BANA. (*Id.* ¶ 23.) Plaintiffs allege that after receiving this notice, they submitted three "qualified written requests"—dated February 21, March 14, and May 16 of 2011—to dispute the delinquency and clarify account errors. (*Id.* ¶ 25–26.) Plaintiffs contend that BANA failed to provide a meaningful response to these inquiries. (*Id.* ¶ 27, 53–55.) Plaintiffs additionally contend that BANA has refused to grant a loan modification or properly handle their payments. (*Id.* ¶ 28–32.) Plaintiffs admit that they are delingquent on their mortgage and subject to foreclosure. (*Id.* ¶ 33.)

## III.   Standard

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "When considering a motion to dismiss, all facts set forth in the plaintiff's

complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In addition, all "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).[3] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570. Unless a plaintiff has "nudged [his] claims

---

[3] In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63. The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

across the line from conceivable to plausible," the complaint "must be dismissed."
*Id*.

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 664). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682).

## IV.   Discussion

### A.   Count One: Declaratory and Injunctive Relief

Count One of the Complaint consists of ten paragraphs under the heading "Declaratory and Injunctive Relief." (Doc. 8 ¶¶ 35–44.) Throughout these paragraphs, Plaintiffs repeatedly refer to Defendant's alleged failure to comply with various federal regulations. Plaintiffs begin by stating that "Defendant has failed to provide servicing of [their] FHA insured residential mortgage in accordance with the federal regulations at 24 C.F.R. Part 203 Part [sic] Subpart C prior to filing initiating [sic] foreclosure proceeding." (*Id.* ¶ 37.) Further down, Plaintiffs assert they are "in doubt as to their rights and status as a borrower [sic] under the National Housing Act and federal regulations made applicable to and incorporated in the subject mortgages" because of Defendant's failure to service the loan in accordance with RESPA, the Home Affordable Modification Program ("HAMP"), and the terms of their mortgage agreement. (*Id.* ¶ 40.) Plaintiffs conclude by requesting the following relief:

> Plaintiffs requests [sic] the court enter a judgment pursuant to the National Housing Act, the Real Estate Settlement Procedures Act and the applicable implementing regulations declaring that the Defendant is legally obligated and must provide Plaintiffs with access to the special servicing provided in the applicable federal regulations and enjoining the Defendant from charging foreclosure fees and costs and from commencing or pursuing any foreclosure arising from a default related to the time in question . . . .

(*Id.* ¶ 44.)

It would appear that Plaintiffs are requesting a declaration that Defendant's conduct was in violation of the National Housing Act and/or RESPA, and because of these violations, Plaintiffs request the Court to enjoin Defendant from foreclosing on their home. For the reasons that follow, the Court finds this count should be dismissed.

First, the National Housing Act, 12 U.S.C. § 1701, *et seq.*, and the regulations promulgated thereunder, 24 C.F.R. Part 203, Subpart C, pertain to relations between the mortgagee and the government and do not give the mortgagors (i.e., Plaintiffs) a remedy for the mortgagee's failure to follow those regulations. Federal courts throughout the country have repeatedly rejected similar attempts by borrowers to bring claims under the National Housing Act and its implementing regulations. *See, e.g.*, *In re Miller*, 124 F. App'x 152 (4th Cir.2005) (no private right of action for failure to comply with NHA's loss mitigation requirements); *Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 361 (5th Cir.1977) ("No evidence exists demonstrating that Congress intended to create a private cause of action under the National Housing Act."); *Coley v. Accredited Home Lenders. Inc.*, 2011 WL 1193072, at *2 (E.D. Ark. 2011) (internal citation omitted) ("[T]he National Housing Act govern[s] relations between the

mortgagee and the government, and give[s] the mortgagor no claim for duty owed or for the mortgagee's failure to follow the Act or its regulations."); *Mitchell v. Chase Home Finance LLC*, 2008 WL 623395, at *3 (N.D. Tex. 2008) (under the National Housing Act there is "no private right of action available to a mortgagor for a mortgagee's noncompliance"). Further, Plaintiffs have not provided any authority to the contrary. Thus, Count One is due to be dismissed to the extent it requests relief under that law.

Second, Count One's vague request for relief under RESPA is superfluous with Count Two, which plainly asserts a claim for relief under RESPA § 2605. Count Two adequately affords Plaintiffs all the relief they seek under RESPA, including injunctive relief, which was expressly included in the prayer for relief at the end of the Complaint. Thus, Count One's request for relief under RESPA is due to be dismissed as duplicative.

While a reasonable reading of Count One of the Complaint indicates Plaintiffs are seeking relief pursuant to the National Housing Act and RESPA (*see* Doc. 8 ¶ 79), Plaintiffs' response appears to claim that Count One seeks a private cause of action or some declaration of rights under HAMP. (*See* Doc. 13 at 3) ("Complaint should not be dismissed on a HAMP private right cause of action . . . ."). Even if this is true,

asserting a cause of action under HAMP fairs no better. As Plaintiffs themselves readily admit, "Courts have uniformly held that HAMP does not provide a private cause of action . . . ." (*Id.* at 5.) *See also*, *e.g.*, *Johnson v. Bank of Am., N.A.*, 2012 WL 6052044, at *3 (E.D. Va. Dec. 5, 2012) ("Courts have routinely dismissed similar HAMP claims, rebutting plaintiffs' efforts to pursue a remedy for which no private cause of action exists.") (citing cases). Notwithstanding their concession that there is no private cause of action under HAMP, Plaintiffs proceed to argue that their HAMP claim should not be dismissed because it is "plead on the same facts" as other common law claims. (Doc. 13 at 3.) Although Plaintiffs argue that other courts have found "pleading on the same facts" as a reason for denying a motion to dismiss, they failed to provide the Court with any authority for this position. Nonetheless, even assuming Plaintiffs correctly state the law on this point, and assuming it is true that the facts, as pled, support "other causes" (*id.*), that would not save *Count One*, which asserts a right to relief under federal statutes that do not create a private cause of action. If Plaintiffs' contention is that the facts, as pled, support other common law claims, it is their responsibility to identify those claims and to provide legal arguments to defend them. This, they have not done. Accordingly, regardless of whether Count One is based on HAMP, RESPA, the National Housing Act, or some combination of

the three, it is due to be dismissed for failure to state a claim for which relief can be granted.

## B.    Count Two: RESPA

Plaintiffs allege that BANA is liable under RESPA because it failed to respond in a proper and timely way to Plaintiffs' "qualified written request" (QWR) for information related to their mortgage account. RESPA establishes certain actions which must be followed by entities or persons responsible for servicing federally related mortgage loans, including responding to borrower inquires. *See* 12 U.S.C. § 2605. Specifically at issue is § 2605(e), which provides that a loan servicer, upon receipt of a QWR, must provide "a written response acknowledging receipt of the correspondence" within 5 business days, *id*. § 2605(e)(1)(A), and must take action on the QWR within 30 days. *Id*. § 2605(e)(2).

Defendant makes several arguments why Plaintiffs' RESPA claim should be dismissed. First, Defendant argues that Plaintiffs' failed to plead that Defendant did not respond to any QWRs in line with RESPA's requirements. Pursuant to § 2605(e)(2), a loan servicer is required to take one of three actions in response to a QWR: (1) make appropriate corrections and notify the borrower of the corrections, or (2) conduct an appropriate investigation and provide the borrower with a statement

as to why it believes the account is correct, or (3) conduct an investigation and provide the borrower with a statement as to why the information requested is unavailable.

As an initial matter, Defendant has not provided any authority demonstrating a plaintiff must specifically list each of these requirements and state the defendant did not undertake such action. Rather, for purposes of Rule 8 notice pleading, it is likely sufficient to generally allege, as Plaintiffs did, that the defendant failed to respond as required by the statute. (Doc. 8 ¶¶ 27, 51.) That said, Plaintiffs appear to have gone further and specifically alleged that Defendant failed to undertake each of the statutory authorized responses. (See Doc. 8 ¶¶ 53–55.)

Defendant's second argument is that Plaintiffs did not plead how their alleged QWR satisfied RESPA's statutory requirements. A request only "qualifies" under RESPA if three conditions are met: (1) it is in writing, (2) it includes or allows the servicer to identify "the name and account of the borrower," and (3) it "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). In the Complaint, Plaintiffs allege that they submitted three formal QWRs on February 21, 2011, March 14, 2011, and May 16, 2011. (Doc. 8 ¶ 25.) Further, Plaintiffs acknowledge the

statutory requirements necessary to render a written request "qualified" under the statute (*id*. ¶ 50), and allege that their request satisfied these requirements. (*Id*. ¶ 26.) Although Plaintiffs could have been more specific in alleging how their QWR satisfied RESPA's requirements, the Court finds Plaintiffs have done enough to survive a motion to dismiss on this ground.

Finally, Defendant argues Plaintiffs have failed to identify any form of damages they suffered as a result of BANA's alleged RESPA violation. It is true that courts have found conclusory allegations of damages insufficient, instead requiring plaintiffs to plead a causal link between the claimed damages and defendant's alleged RESPA violation. *See, e.g., Jackson v. Ocwen Loan Servicing, LLC*, 2012 WL 882493 (S.D. Fla. Mar. 14, 2012) (dismissing RESPA claim with only conclusory statement that he suffered "detriment and financial injury"). However, the Court finds Plaintiffs have done more than simply making conclusory allegations of damages. Instead, Plaintiffs pled specific damages causally related to Defendant's alleged RESPA violation, including "costs associated with mailing voluminous loan modification packages to Defendant numerous times" (Doc. 8 ¶ 58) and attorney fees, expenses, and costs associated with bringing the instant action. (*Id*. ¶ 60.)

For these reasons stated, Count Two states a claim for relief under RESPA

sufficient to survive a Rule 12(b)(6) motion to dismiss.

### B.     Counts Three through Eight: State Law Claims

Defendant devoted 11 pages of its 22-page brief in support of its motion to dismiss to explain, in detail, why each of Plaintiffs' five state law causes of action are due to be dismissed. Plaintiffs, in contrast, offered a three paragraph response spanning only two pages, leading off with a heading that reads: "The Plaintiff [sic] Should Not be Required to Defend the Merits of Their Claims in a Motion to Dismiss." (Doc. 13 at 10.) In these short paragraphs, Plaintiffs maintain that pleading standards under *Twombly* are minimal, and that Rule 8 "does not mandate an exhaustive recitation of plaintiff's [sic] reasoning at this stage of the litigation process." (*Id.* at 11.) However, they do not directly respond to any of Defendant's substantive or procedural attacks on their state law claims.

Because the authority cited by Plaintiffs does not provide as much, the Court is unclear why Plaintiffs feel they are not required defend their claims on a motion to dismiss. Indeed, the Eleventh Circuit has made clear that failure by a plaintiff to respond to a motion to dismiss argument constitutes an abandonment of that claim. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("The appellants' failure to brief and argue this issue during the

proceedings before the district court is grounds for finding that the issue has been abandoned.").

In *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039 (7th Cir. 1999), the Seventh Circuit was confronted with a similar situation, where a plaintiff responded to a motion to dismiss by simply asserting that she was not "required at this stage of the litigation to specifically characterize or identify the legal basis of the claims in the complaint" but rather was only required to "assert a colorable claim that has some factual support." *Id*. at 1041. Writing for the court, Judge Posner aptly explained why the district court was correct to dismiss the plaintiff's claims:

> Where the plaintiff has gone astray is in supposing that a complaint which complies with Rule 8(a)(2) is immune from a motion to dismiss. This confuses form with substance. Rule 8(a)(2) specifies the conditions of the formal adequacy of a pleading. It does not specify the conditions of its substantive adequacy, that is, its legal merit. Suppose the complaint had alleged that the defendants had violated Illinois or federal law by failing to obtain a license to manufacture cigarettes. The complaint would comply with Rule 8(a)(2), but, assuming no such license is required, it would be highly vulnerable to dismissal under Rule 12(b)(6). If the defendants filed a motion to dismiss in which they pointed out that there was no such licensing requirement, it would not be responsive of the plaintiff to say that she was not "required at this stage of the litigation to specifically characterize or identify the legal basis of the claims in the complaint." The defendants would have given reasons for dismissing the complaint despite its formal beauties, and she would have to give reasons against. Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research

> and try to discover whether there might be something to say against the
> defendants' reasoning. An unresponsive response is no response. In
> effect the plaintiff was defaulted for refusing to respond to the motion to
> dismiss. And rightly so.

*Id.* As Judge Posner clearly explained, it is not the job of this Court to make the

arguments on Plaintiffs' behalf, and the Court refuses to do so.

There remains one last issue to address. Plaintiffs attached a *second* amended

complaint to their response brief, and in the last sentence before the conclusion stated:

"Should the Court in the alternative require the Plaintiff to defend the merits of its

claims in the pleadings, the Plaintiffs respectfully ask the court for leave to Amend its

complaint as attached." (Doc. 13 at 11.) After reviewing the attached complaint and

comparing it with the previously-filed complaint, the Court does not see any reason

why the handful of additional allegations would remedy any of the deficiencies

asserted by Defendant.  Moreover, even if the amendment is allowed, that does not

change the fact that Plaintiffs have failed to provide any legal (or even practical)

reason in their brief why the attached complaint is in a form sufficient to survive a

Rule 12(b)(6) motion to dismiss. Thus, with or without the amendment, this Court's

conclusion is the same—Plaintiffs have abandoned the claims they did not defend.

Because Plaintiffs have not offered any substantive response to BANA's

arguments for dismissal of their five state law claims, these claims are deemed

abandoned and Defendant's motion to dismiss is due to be granted with respect to Counts Three through Eight of the Complaint.

## V.   Conclusion

For the reasons stated, Defendant's Motion to Dismiss (Doc. 9) is due to be GRANTED in part and DENIED in part as provided herein. A separate order will be entered consistent with this opinion.

Done this 21st day of May 2013.

L. Scott Coogler
United States District Judge
[170956]